**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfredo COVARRUBIAS, also known as
Alfredo Covarrubias–Amaral, also
known as Robert Covarrubias, Defen-
dant–Appellant.**

No. 04–10132.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 20, 2004.

Paul Lee Yanowitch, U.S. Attorney's Of-
fice Northern District of Texas, Dallas,
TX, for Plaintiff–Appellee.

Ira Raymond Kirkendoll, Federal Public
Defender, Federal Public Defender's Of-
fice Northern District of Texas, Dallas,
TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER,
Circuit Judges.

PER CURIAM: *

Alfredo Covarrubias appeals his sen-
tence for violating 8 U.S.C. § 1326(a) and
(b) by illegally reentering the United
States, without permission, following his
deportation. Covarrubias contends for the
first time on appeal that he should not
have been assessed a criminal history
point for a prior conviction for shoplifting
because that crime is similar to the crime
of writing an insufficient-funds check,
which is exempt from inclusion in the crim-
inal history calculation. *See* U.S.S.G.
§ 4A1.2(c)(1). Covarrubias fails to provide
any binding authority holding that the two
offenses are similar, and he thus fails to
show that the district court made any
"clear" or "obvious" error. *See United
States v. Hull,* 160 F.3d 265, 271–272 (5th
Cir.1998).

Covarrubias also has filed a letter pursu-
ant to FED. R.APP. P. 28(j) calling our
attention to the Supreme Court's recent
decision in *Blakely v. Washington,* ——
U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403
(2004). However, we have held that
*Blakely* does not apply to the United
States Sentencing Guidelines. *United
States v. Pineiro,* 377 F.3d 464, 473 (5th
Cir.2004), *petition for cert. filed* (U.S. July
14, 2004) (No. 04–5263).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.